# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICKOLAS HICKTON,<br>SEAN HERBSTER,<br>MIQUEL MCDONALD,<br>MICHAEL KEITH AVERILL, JR.,<br>JASMINE BROMFIELD<br>NILS HAGSTROM,<br>ELSA DEPINA,<br>JEFFREY GALIA,<br>ROBERT BAJKOSWKI,<br>TORI GAUDELLI,<br>DONNASHEKIA RICHARD,<br>WAYMAN F. GRAHAM, II, and<br>KEVIN C. HAGLER,<br>on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>ENTERPRISE RENT-A-CAR COMPANY,<br>ENTERPRISE RENT-A-CAR COMPANY OF<br>PITTSBURGH,<br>ENTERPRISE LEASING COMPANY OF<br>PHILADELPHIA,<br>ENTERPRISE LEASING COMPANY -<br>SOUTH CENTRAL, INC,<br>ELRAC, INC.,<br>ENTERPRISE LEASING COMPANY<br>OF ORLANDO,<br>ENTERPRISE RENT-A-CAR COMPANY-<br>MIDWEST,<br>ENTERPRISE LEASING COMPANY OF<br>CHICAGO,<br>ENTERPRISE RENT-A-CAR COMPANY<br>OF TENNESSEE,<br>ENTERPRISE LEASING COMPANY,<br>and XYZ Entities 1-100<br>          Defendants. | Misc. No. 2:09-mc-00210-JFC<br>MDL No. 2056<br><br>Judge Joy Flowers Conti<br><br><br>*Electronically Filed*<br><br>**<u>AMENDED MASTER COMPLAINT</u>** |

THIS DOCUMENT RELATES TO:
*Hickton*, 2:09-MC-00210-JFC

Plaintiffs, NICKOLAS C. HICKTON, SEAN HERBSTER, MIQUEL MCDONALD, MICHAEL KEITH AVERILL, JASMINE BROMFIELD, NILS HAGSTROM, ELSA DEPINA, JEFFREY GALIA, ROBERT BAJKOSWKI, TORI GAUDELLI, DONNASHEKIA RICHARD, WAYMAN F. GRAHAM, II, and KEVIN HAGLER, along with all other plaintiffs bringing or joining suit in this Multidistrict Litigation and adopting this complaint in whole or part (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, and in certain instances as class representatives, by their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this suit as a nationwide collective action on behalf of all "Managers," defined as: individuals who are or were employed as Assistant Branch Managers and/or Branch Managers by any named defendant in this Multidistrict Litigation, including without limitation, Enterprise Rent-A-Car Company ("ERAC-Missouri"), Enterprise Rent-A-Car Company of Pittsburgh ("ERAC-Pittsburgh"), Enterprise Leasing Company of Philadelphia ("ERAC-Philadelphia"), Enterprise Leasing Company-South Central, Inc., an Alabama corporation, ELRAC, Inc., a Delaware corporation, Enterprise Leasing Company of Orlando, a Florida corporation, Enterprise Rent-A-Car Company-Midwest, an Iowa corporation, Enterprise Rent-A-Car Leasing Company of Chicago, a Nevada corporation, Enterprise Rent-A-Car Company of Tennessee, a Tennessee corporation, Enterprise Leasing Company, a Florida corporation (collectively "Enterprise" or "Defendants") or any or any other parent, subsidiary, related, or successor companies (collectively, the "Company"), in an Enterprise car and/or truck

rental location, to recover unpaid wages, including overtime compensation, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act").

2.      Plaintiffs  Hickton, Herbster and McDonald also bring this action as a state-wide class action on behalf of all current and former Managers within the Commonwealth of Pennsylvania for all unpaid wages, including overtime compensation, pursuant to the Pennsylvania Minimum Wage Act of 1968 as amended, 43 Pa. C.S.C. § 333.101 *et seq*. ("PMWA").

3.      Further, Plaintiff Hickton brings this action as a state-wide class action on behalf of all current and former Managers within the State of Ohio for all unpaid wages, including overtime compensation, pursuant to the Ohio Minimum Fair Wage Standards Act, Ohio R.C. §§ 4111.01 *et seq*. ("OMFWSA").

4.      Plaintiffs Bromfield and Hagstrom further bring this action as a state-wide class action on behalf of all current and former Managers within the State of New York for all unpaid wages, including overtime compensation, within the meaning of NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.2.

5.      Lastly, Plaintiffs Averill and Galia bring this action as a state-wide class action on behalf of all current and former Managers within the State of Illinois to recover all unpaid overtime wages pursuant to the Illinois Minimum Wage Law ("ILMWL"), 820 ILCS 105/1 *et seq*.; and the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS 115/1 *et seq*. (collectively, the "Illinois Labor Laws").

6.      Defendants own and operate a chain of car rental branches throughout the United States, and they employ thousands of Managers in these locations.

7.      Unless proven to be exempt from the protection of overtime laws, all employees are entitled to receive premium overtime pay for work in excess of forty hours per week.  As explained herein, under applicable employment laws, Managers do not meet the tests for exempt status.  As a result, Plaintiffs and the classes they seek to represent have been improperly classified as exempt and are entitled to overtime compensation.  In short, if Managers work over forty hours per week, they are entitled to be paid overtime.

8.      During the statutory period covered by this Complaint, Plaintiffs and the members of the asserted classes have regularly worked in excess of forty hours per week, without receiving premium overtime compensation for all hours worked in excess of forty hours.

9.      Throughout the relevant period, it has been Enterprise's company-wide and nationwide policy to avoid paying Managers overtime pay for hours they worked in excess of 40 in a workweek because Enterprise has uniformly mis-classified them as exempt and from federal and state overtime protections, including but not limited to those of the Act.  The primary duties of these purportedly exempt Managers, however, largely consist of non-exempt tasks.  Managers' primary duties do not vary significantly from Enterprise branch to Enterprise branch.  Managers regularly worked in excess of 40 hours per week.

10.     By the conduct described in this Complaint, Defendants have violated the Act and various states' wage and hour laws including, but not limited to, the laws of Pennsylvania, Ohio Illinois and New York, by failing to pay their employees, including Plaintiffs, proper overtime wages as required by law.  These violations arose out of Defendants' uniform company-wide policies and their pattern or practice of violating wage and hour laws.

## THE PARTIES

11.      Plaintiff, Nickolas Hickton, a resident of the Commonwealth of Pennsylvania, was employed by ERAC-Missouri (defined herein) and ERAC-Pittsburgh (defined herein) as a Manager in several branch locations in Pennsylvania and Ohio during the statutory period covered by this Complaint, who Defendants failed to compensate for hours worked above and beyond the forty hour work week. Plaintiff Hickton was employed by Enterprise as an Assistant Branch Manager at an airport branch location in Pittsburgh, Pennsylvania from approximately November, 2004 through to March, 2006. Plaintiff Hickton was subsequently promoted to the position of Branch Manager in approximately March, 2006. In that position, Plaintiff Hickton worked at additional branch locations in both Pennsylvania and Ohio, until he left the Company in approximately March, 2007.

12.      Plaintiff, Sean Herbster, a resident of the Commonwealth of Pennsylvania, was employed by ERAC-Missouri (defined herein) and ERAC-Pittsburgh (defined herein) as a Manager in branch locations in Pennsylvania during the statutory period covered by this Complaint, who Defendants failed to compensate for hours worked above and beyond the forty hour work week. Plaintiff Herbster was employed by Enterprise as an Assistant Branch Manager in the Pittsburgh, Pennsylvania region from approximately March, 2006 thru July, 2007.

13.      Plaintiff, Miquel McDonald, a resident of the Commonwealth of Pennsylvania, was employed by ERAC-Missouri (defined herein) and ERAC-Philadelphia (defined herein) as a Manager in branch locations in Pennsylvania and Delaware during the statutory period covered by this Complaint, who Defendants failed to compensate for hours worked above and beyond the forty hour work week. Plaintiff McDonald was employed by Enterprise as an Assistant Branch

Manager in both the Philadelphia, Pennsylvania region, and the State of Delaware from approximately June, 2006 through to September, 2006.

14.    Plaintiff, Michael Keith Averill, Jr. was an employee of ERAC-Missouri (defined herein), Enterprise Rent-A-Car Company-Midwest, and / or Enterprise Leasing Company of Chicago. He was an Assistant Branch Manager and performed a substantial part of his work duties in and around Illinois during the statutory period covered by this Complaint.

15.    Plaintiff, Jasmine Bromfield, was an employee of ERAC-Missouri (defined herein), Enterprise Leasing Company-South Central, Inc. and / or ELRAC, Inc.  She was an Assistant Branch Manager from about January 2007 to November 2007 in or around Orange County, New York during the statutory period covered by this Complaint.

16.    Plaintiff, Nils Hagstrom, was an employee of ERAC-Missouri (defined herein), Enterprise Leasing Company-South Central, Inc. and / or ELRAC, Inc..  He was an Assistant Branch Manager from about June 2007 to June 2008 in or around New York City, New York during the statutory period covered by this Complaint.

17.    Plaintiff, Elsa DePina, was an employee of ERAC-Missouri (defined herein) and Enterprise Leasing Company of Orlando.  She was an Assistant Branch Manager from about December 2004 to January 2007 in or around Orange County, Florida during the statutory period covered by this Complaint.

18.    Plaintiff, Jeffrey Galia, was an employee of ERAC-Missouri (defined herein) Enterprise Rent-A-Car Company-Midwest, and / or Enterprise Leasing Company of Chicago. He was an Assistant Branch Manager from about April 2007 to October 2007 in or around Cook County, Illinois during the statutory period covered by this Complaint.

19.     Plaintiff, Robert Bajkowski, was an employee of ERAC-Missouri (defined herein), Enterprise Rent-A-Car Company-Midwest, and / or Enterprise Leasing Company of Chicago.  He was an Assistant Branch Manager from about May 2005 to November 2008 in or around, Cook County, Illinois during the statutory period covered by this Complaint.

20.     Plaintiff, Tori Gaudelli, was an employee of ERAC-Missouri (defined herein) and Enterprise Rent-A-Car Company of Tennessee.  She was an Assistant Branch Manager from about January 2004 to November 2006 in or around Lithia Springs, Douglas County, Georgia during the statutory period covered by this Complaint.

21.     Plaintiff, Donnashekia Richard, was an employee of ERAC-Missouri (defined herein) and Enterprise Rent-A-Car Company of Tennessee.  She was an Assistant Branch Manager from about October 2005 to June 2006 in or around Lithia Springs, Douglas County, Georgia during the statutory period covered by this Complaint.

22.     Plaintiff, Wayman Graham, was an employee of ERAC-Missouri (defined herein) and Enterprise Leasing Company.  He was an Assistant Branch Manager from about September 2005 to March 2006 in Miami-Dade County, Florida during the statutory period covered by this Complaint.

23.     Plaintiff, Kevin C. Hagler, was an employee of ERAC-Missouri (defined herein) and Enterprise Leasing Company – South Central, Inc.  He was an Assistant Branch Manager from about August 2005 or about August 2007 in or around Tuscaloosa County, Alabama during the statutory period covered by this Complaint.

24.     Plaintiffs and the other similarly situated members of the classes alleged herein are, or were, Managers employed by Defendants in car and/or truck rental locations, who

regularly worked in excess of forty hours per work week without any premium for overtime pay as required by the Act of applicable state law.

25.     For purposes of the Nationwide Collective Class, Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).[1]

26.     Upon information and belief, Defendants maintain control, oversight, and direction over the operation of the facilities and offices in which Plaintiffs worked, including the payroll and other employment practices therein.

27.     Upon information and belief, Defendant ERAC-Missouri is a Delaware corporation registered to do business in the Commonwealth of Pennsylvania.  ERAC-Missouri is the parent corporation of Defendant's ERAC-Pittsburgh and ERAC-Philadelphia.

28.     Upon information and belief, Defendant ERAC-Pittsburgh, a Pennsylvania corporation, is a subsidiary of ERAC-Missouri, registered to do business in the Commonwealth of Pennsylvania.

29.     Upon information and belief, Defendant ERAC-Philadelphia, a Pennsylvania corporation, is a subsidiary of ERAC-Missouri, registered to do business in the Commonwealth of Pennsylvania.

30.     Defendant, Enterprise Leasing Company-South Central, Inc., is an Alabama corporation, and is a subsidiary of ERAC-Missouri.  It serves customers throughout the State of New York and elsewhere, directly and indirectly through various divisions, subsidiaries and affiliates, however constituted.

---

[1]     Hickton previously filed his Consent to Sue form with this Court on December 11, 2007. *See* Dkt Entry #1.  Herbster and McDonald filed their Consent to Sue forms on June 29, 2009. *See* Dkt. Entry # 106.

31.     Defendant, ELRAC, Inc., is a Delaware corporation, and is a subsidiary of ERAC-Missouri.  It serves customers throughout the State of New York and elsewhere, directly and indirectly through various divisions, subsidiaries and affiliates, however constituted

32.     Defendant, Enterprise Leasing Company of Orlando, is a Florida corporation, and is a subsidiary of ERAC-Missouri.  It serves customers throughout the State of Florida and elsewhere, directly and indirectly through various divisions, subsidiaries and affiliates, however constituted.

33.     Defendant, Enterprise Rent-A-Car Company-Midwest, is an Iowa corporation, and is a subsidiary of ERAC-Missouri.  It serves customers throughout the State of Illinois and elsewhere, directly and indirectly through various divisions, subsidiaries and affiliates, however constituted.

34.     Defendant, Enterprise Rent-A-Car Leasing Company of Chicago, is a Nevada corporation, and is a subsidiary of ERAC-Missouri.  It serves customers throughout the State of Illinois and elsewhere, directly and indirectly through various divisions, subsidiaries and affiliates, however constituted.

35.     Defendant, Enterprise Rent-A-Car Company of Tennessee, is a Tennessee corporation, and is a subsidiary of ERAC-Missouri.  It serves customers throughout the State of Georgia and elsewhere, directly and indirectly through various divisions, subsidiaries and affiliates, however constituted.

36.     Defendant, Enterprise Leasing Company, is a Florida corporation, and is a subsidiary of ERAC-Missouri.  It serves customers throughout the State of Florida and elsewhere, directly and indirectly through various divisions, subsidiaries and affiliates, however constituted.

37.     Defendant, Enterprise Leasing Company-South Central, Inc., is an Alabama corporation, and is a subsidiary of ERAC-Missouri.  It serves customers throughout Alabama and elsewhere, directly and indirectly through various divisions, subsidiaries and affiliates, however constituted.

38.      Defendants provide car and/or truck rental services through branch locations located nationwide, and within this district.

39.     Upon information and belief, Defendants employed hundreds of Managers in the Commonwealth of Pennsylvania, the State of Ohio, Illinois and New York during the applicable statutory period, and Plaintiffs believe the Nationwide Collective Class is significantly larger.

## JURISDICTION AND VENUE

40.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

41.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

42.     This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class action whereby: (i) the proposed Rule 23 classes consists of over 100 or more members; (ii) at least some of the members of the proposed classes, including Plaintiffs, have a different citizenship from Defendants; and (iii) the claims of the proposed Rule 23 classes exceed $5,000,000.00 in the aggregate, exclusive of interest and costs.

43.     Plaintiffs' claims involve matters of national or interstate interest.

44.    Citizenship of the members of the proposed class is dispersed among a substantial number of states.

45.    Upon information and belief, greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are not citizens of the same state.

46.    Upon information and belief, at least one Defendant resides in Pennsylvania.

47.    Upon information and belief, at least one Defendant is subject to personal jurisdiction in Pennsylvania.

48.    Jurisdiction over ERAC-Missouri is proper as it is the joint employer of Plaintiffs and authored the employment policies and practices that are at issue.

49.    Jurisdiction over ERAC-Missouri is also proper under principles of general jurisdiction based upon its continuous contacts with the Commonwealth of Pennsylvania, and as the alter-ego of ERAC-Pittsburgh and ERAC-Philadelphia.

50.    Jurisdiction over the other named defendants is proper because this Court has jurisdiction over ERAC-Missouri (as joint employer of Plaintiffs) and has jurisdiction over actions transferred as part of Multidistrict Litigation.

51.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

52.    Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391, or, as applicable, within the original venue of any case transferred to this Multidistrict Litigation.  A substantial part of the events or omissions giving rise to claims in this Complaint occurred within the Western District of Pennsylvania, or, as applicable, within the original venue of any case transferred to this Multidistrict Litigation.

53.     Defendants were employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

## CLASS ACTION ALLEGATIONS

### The Pennsylvania Class

54.     Plaintiffs, Hickton, Herbster and McDonald (collectively, the "Pennsylvania Plaintiffs"), also bring this action as a state-wide class action on behalf of all current and former Managers within the Commonwealth of Pennsylvania for all unpaid wages, including overtime compensation, pursuant to the Pennsylvania Minimum Wage Act of 1968 as amended, 43 Pa. C.S.C. § 333.101 *et seq.* ("PMWA") pursuant to Fed. R. Civ. P. 23 (the "Pennsylvania Class").

55.     The Pennsylvania Plaintiffs bring this action as a state-wide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following persons similarly situated (the "Pennsylvania Class"):

> All persons within the Commonwealth of Pennsylvania who: (i) are, or were employed as Managers with the Company; and (ii) are, or were not paid overtime compensation at a rate not less than one and one-half times their regular rate for work performed beyond the forty hour work week.

56.     Excluded from the Pennsylvania Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Pennsylvania Class.

57.     The persons in the Pennsylvania Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not

known to the Pennsylvania Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

58.     Upon information and belief, the size of the Pennsylvania Class is at least 50 workers.

59.     Defendants acted or refused to act on grounds generally applicable to the Pennsylvania Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Pennsylvania Class as a whole.

60.     This cause of action is properly maintainable as a class action under Federal Rule of Civil Procedure 23.  There are questions of law and fact common to the Pennsylvania Class that predominate over any questions solely affecting individual members of the Pennsylvania Class, including but not limited to:

   a.   what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   b.   whether Defendants failed to keep true and accurate time records for all hours worked by the Pennsylvania Plaintiffs and the Pennsylvania Class;

   c.   whether Defendants failed and/or refused to pay the Pennsylvania Plaintiffs and the Pennsylvania Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the PMWA, 43 Pa. Stat §§ 333.101 *et seq*.;

   d.   the nature and extent of Pennsylvania Class-wide injury and the appropriate measure of damages for the Pennsylvania Class;

   e.   whether Defendant has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the PMWA; and

      f.    whether Defendant's policy of misclassifying workers was done willfully or with reckless disregard of the statute.

61.    The claims of the Pennsylvania Plaintiffs are typical of the claims of the Pennsylvania Class they seek to represent.  The Pennsylvania Plaintiffs and the Pennsylvania Class members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week.  Defendants acted and refused to act on grounds generally applicable to the Pennsylvania Class, thereby making declaratory relief with respect to the Pennsylvania Class appropriate.

62.    The Pennsylvania Plaintiffs will fairly and adequately represent and protect the interests of the Pennsylvania Class.  The Pennsylvania Plaintiffs understand that, as the class representative, they assume a fiduciary responsibility to the Pennsylvania Class to represent its interests fairly and adequately.  The Pennsylvania Plaintiffs recognize that as the class representative, they must represent and consider the interests of the Pennsylvania Class just as they would represent and consider their own interests.  The Pennsylvania Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Pennsylvania Class.  The Pennsylvania Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Pennsylvania Class.  The Pennsylvania Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

63.     The Pennsylvania Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

64.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Pennsylvania Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Pennsylvania Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

### The Ohio Class

65.     Plaintiff, Hickton, (the "Ohio Plaintiff"), also brings a state-wide class action on behalf of all current and former Managers within the State of Ohio for all unpaid wages, including overtime compensation, pursuant to the Ohio Minimum Fair Wage Standards Act, Ohio R.C. §§ 4111.01 *et seq*. ("OMFWSA") pursuant to Fed. R. Civ. P. 23 (the "Ohio Class").

66.     The Ohio Plaintiff brings this action as a state-wide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following persons similarly situated (the "Ohio Class"):

> All persons within the State of Ohio who: (i) are, or were employed as Managers with the Company; and (ii) are, or were not paid overtime compensation at a rate not less than one and one-half times their regular rate for work performed beyond the forty hour work week.

67.     Excluded from the Ohio Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Ohio Class.

68.     The persons in the Ohio Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to the Ohio Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

69.     Upon information and belief, the size of the Ohio Class is at least 50 workers.

70.     Defendants acted or refused to act on grounds generally applicable to the Ohio Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Ohio Class as a whole.

71.     This cause of action is properly maintainable as a class action under Federal Rule of Civil Procedure 23.  There are questions of law and fact common to the Ohio Class that predominate over any questions solely affecting individual members of the Ohio Class, including but not limited to:

     a.   whether Defendants failed to keep true and accurate time records for all hours worked by the Ohio Plaintiff and the Ohio Class;

     b.   what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    c.   whether Defendants failed and/or refused to pay the Ohio Plaintiff and the Ohio Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the OMFWSA;

    d.   the nature and extent of Ohio Class-wide injury and the appropriate measure of damages for the Ohio Class;

    e.   whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the OMFWSA; and

    f.   whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the statute.

72.    The claims of the Ohio Plaintiff are typical of the claims of the Ohio Class he seeks to represent.  The Ohio Plaintiff and the Ohio Class members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week.  Defendants acted and refused to act on grounds generally applicable to the Ohio Class, thereby making declaratory relief with respect to the Ohio Class appropriate.

73.    The Ohio Plaintiff will fairly and adequately represent and protect the interests of the Ohio Class.  The Ohio Plaintiff understands that, as the class representative, he assumes a fiduciary responsibility to the Ohio Class to represent its interests fairly and adequately.  The Ohio Plaintiff recognizes that as the class representative, he must represent and consider the interests of the Ohio Class just as he would represent and consider his own interests.  The Ohio Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Ohio Class.  The Ohio Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal

thereof, must be in the best interests of the Ohio Class.  The Ohio Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

74.     The Ohio Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

75.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Ohio Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Ohio Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

### The New York Class

76.     Plaintiffs, Bromfield and Hagstrom (the "New York Plaintiffs") also bring a state-wide class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following persons similarly situated (the "New York Class"):

> All persons within the State of New York who: (i) are, or were employed as Managers with the Company; and (ii) are, or were not paid overtime compensation at a rate not less than one and one-half times their regular rate for work performed beyond the forty hour work week.

77.     Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

78.     The persons in the New York Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

79.     Upon information and belief, the size of the New York Class is at least 50 workers.

80.     Defendants acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

81.     This cause of action is properly maintainable as a class action under Federal Rule of Civil Procedure 23.  There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a.   whether Defendants failed to keep true and accurate time records for all hours worked by the New York Plaintiff and the New York Class;

   b.   what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c. whether Defendants failed and/or refused to pay the New York Plaintiffs and the New York Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

d. the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class;

e. whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and NYLL; and

f. whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the statute.

82. The claims of the New York Plaintiffs are typical of the claims of the New York Class they seek to represent. The New York Plaintiffs and the New York Class members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

83. The New York Plaintiffs will fairly and adequately represent and protect the interests of the New York Class. The New York Plaintiffs understand that, as a class representative, they assume a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. The New York Plaintiffs recognize that as a class representative, they must represent and consider the interests of the New York Class just as they would represent and consider their own interests. The New York Plaintiffs understand that in decisions

regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the New York Class.  The New York Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class.  The New York Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

84.     The New York Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

85.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

### *The Illinois Class*

86.     Plaintiffs, Averill and Galia (the "Illinois Plaintiffs") also bring a state-wide class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following persons similarly situated (the "Illinois Class"):

> All persons within the State of Illinois who: (i) are, or were employed as Managers with the Company; and (ii) are, or were not paid overtime compensation at a rate not less than one and one-half times their regular rate for work performed beyond the forty hour work week.

87.     Excluded from the Illinois Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illlinois Class.

88.     The persons in the Illinois Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

89.     Upon information and belief, the size of the Illinois Class is at least 50 workers.

90.     Defendants acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Illinois Class as a whole.

91.     This cause of action is properly maintainable as a class action under Federal Rule of Civil Procedure 23.  There are questions of law and fact common to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

a.     whether Defendants failed to keep true and accurate time records for all hours worked by the Illinois Plaintiffs and the Illinois Class;

b.   what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.   whether Defendants failed and/or refused to pay the Illinois Plaintiffs and the Illinois Class overtime pay for hours worked in excess of 40 hours per workweek pursuant to the Illinois Minimum Wage Law ("ILMWL"), 820 ILCS 105/1 *et seq.*; and the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS 115/1 *et seq*;

d.   the nature and extent of Illinois Class-wide injury and the appropriate measure of damages for the Illinois Class;

e.   whether Defendant has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the and Illinois Wage Laws; and

f.   whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the statute.

92.   The claims of the Illinois Plaintiffs are typical of the claims of the Illinois Class they seek to represent.  The Illinois Plaintiffs and the Illinois Class members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week.  Defendants acted and refused to act on grounds generally applicable to the Illinois Class, thereby making declaratory relief with respect to the Illinois Class appropriate.

93.   The Illinois Plaintiffs will fairly and adequately represent and protect the interests of the Illinois Class.  The Illinois Plaintiffs understand that, as a class representative, they assume a fiduciary responsibility to the Illinois Class to represent its interests fairly and adequately.  The Illinois Plaintiffs recognize that as a class representative, they must represent and consider the

interests of the Illinois Class just as they would represent and consider their own interests.  The Illinois Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Illinois Class.  The Illinois Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Illinois Class.  The Illinois Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

94.     The Illinois Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

95.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Illinois Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Illinois Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## COLLECTIVE ACTION ALLEGATIONS

96.     Plaintiffs bring this suit as a nationwide collective action on behalf of a class, or a group of subclasses, of Managers who are or were employed as Assistant Branch Managers and/or Branch Managers by any named defendant in this Multidistrict Litigation, including without limitation, Enterprise Rent-A-Car Company ("ERAC-Missouri"), Enterprise Rent-A-Car Company of Pittsburgh ("ERAC-Pittsburgh"), Enterprise Leasing Company of Philadelphia ("ERAC-Philadelphia"), Enterprise Leasing Company-South Central, Inc., an Alabama corporation, ELRAC, Inc., a Delaware corporation, Enterprise Leasing Company of Orlando, a Florida corporation, Enterprise Rent-A-Car Company-Midwest, an Iowa corporation, Enterprise Rent-A-Car Leasing Company of Chicago, a Nevada corporation, Enterprise Rent-A-Car Company of Tennessee, a Tennessee corporation and Enterprise Leasing Company, a Florida (collectively "Enterprise" or "Defendants"), or any other parent, subsidiary, related, affiliated or successor companies (collectively, the "Company"),[2] in an Enterprise-branded car and/or truck rental location nationwide, excluding Managers working in California, to recover unpaid wages, including overtime compensation, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act") (the "Nationwide FLSA Collective Action Class").

97.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the Nationwide FLSA Collective Action Class.  The FLSA claims in this lawsuit should be adjudicated as a collective action.  Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the

---

[2] Each Plaintiff's claims are brought against ERAC-Missouri.and jointly against the operating subsidiary or subsidiaries for whom they worked during the material time.

present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to the Nationwide FLSA Collective Action Class pursuant to 29 U.S.C. § 216(b).

## ALLEGATIONS APPLICABLE TO ALL COLLECTIVE OR CLASS ACTIONS[3]

98.     "Enterprise Rent-A-Car" is synonymous with the rental and purchase of automobiles and trucks.

99.     ERAC-Missouri owns and controls the "Enterprise Rent-A-Car" brand.

100.    Each of the other named defendants conducted business on behalf of ERAC-Missouri in the state(s) in which they each operated, and they reported to and were controlled by ERAC-Missouri.  The purpose of these other named defendants was to rent cars and trucks to consumers on behalf of ERAC-Missouri under the "Enterprise Rent-A-Car" brand.

101.    To ensure the uniformity of its brand, the policies and procedures which governed, *inter alia*, the employment of Plaintiffs were developed by ERAC-Missouri.  This included their classification as exempt from overtime compensation, as well as their job duties and responsibilities.  In turn, these policies were disseminated by ERAC-Missouri to its subsidiaries, including without limitation the other named Defendants.

102.    As the architect of the employment practices and policies that governed the employment of Plaintiffs and the Classes, including their classification status under the FLSA, ERAC-Missouri, in concert with its subsidiaries, is the joint employer of the Classes.  Accordingly, all Managers worked for both ERAC-Missouri and the operating subsidiary with responsibility for the respective geographic regions in which they operated.

---

[3] The Pennsylvania Class, Ohio Class, New York Class and Illinois Class shall be referred to as the "State Classes."  The Nationwide FLSA Collective Class and the State Classes shall be referred to as the "asserted classes" or the "Classes."

103.    All of the work that Plaintiffs and the members of the asserted classes have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the members of the asserted classes have performed.

104.    Plaintiffs' primary duties were manual labor, clerical work and other non-exempt tasks, including taking reservations, washing cars, moving cars, and cleaning the rental branch location.

105.    Plaintiffs regularly worked more than 40 hours per workweek.

106.    Defendants failed to keep accurate records of Plaintiffs' actual work hours.

107.    Upon information and belief, it has been Defendants' nationwide policy and pattern or practice to classify Managers as exempt from coverage of the overtime provisions of the FLSA and state wage and hour laws, without reference to the actual duties these workers performed, and failed to pay Plaintiffs overtime pay for hours worked in excess of 40 hours per workweek.

108.    As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws.  This policy and pattern or practice includes but is not limited to:

      a.  willfully failing to record all of the time that its employees, including Plaintiffs and the asserted class members, have worked for the benefit of the Defendants;

      b.  willfully failing to keep payroll records as required by the FLSA and state wage and hour laws;

      c.  willfully misclassifying the Plaintiffs and the asserted class members as exempt from the requirements of the FLSA; and

d.   willfully failing to pay their employees, including Plaintiffs and the asserted class members, overtime wages for hours that they worked in excess of 40 hours per week.

109.   Upon information and belief, Enterprise's unlawful conduct described in this Complaint is pursuant to a uniform corporate policy or practice of minimizing labor costs by violating the FLSA and state wage and hour laws.

110.   Upon information and belief, Enterprise was or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

111.   Upon information and belief, Enterprise was aware, or should have been, that these employees, *inter alia*: (a) primarily or solely performed non-exempt duties and other manual labor; (b) performed little or no supervisory functions; and (c) wielded little or no discretion in the performance of their duties.

112.   Upon information and belief, Enterprise intentionally designated Plaintiffs and the members of the asserted classes as "managers" in order to attempt to justify classifying them as exempt from overtime protections and avoid liability for overtime payments properly due Plaintiffs and the members of the asserted classes.

113.   Defendants' unlawful conduct has been widespread, repeated, and consistent.

114.   The members of each of the asserted classes are so numerous that joinder of all members is impracticable.  The exact number of the members of the asserted classes can be determined by reviewing Defendants' records.

115.   Unless proven to be exempt from the protection of overtime laws, all employees are entitled to receive premium overtime pay for work in excess of forty hours per week.

116.     Plaintiffs and the members of the Classes do not meet the tests for exempt status and, as a result, Plaintiffs and the Classes have been improperly classified as exempt.

117.     Plaintiffs and the Classes regularly spent more than 50% of their time performing non-managerial or hourly functions, such as taking orders, greeting customers and cleaning cars, among other non-exempt tasks, as their primary duties.

118.     Although Plaintiffs and the members of the Classes bear the title of "manager," their primary duties are not managerial, and they are not expected to spend the majority of their time performing exempt duties.  In reality, they work in a branch operation with rigid corporate guidelines and oversight, and they do not regularly exercise independent judgment and discretion.  Indeed, Managers primarily perform non-exempt duties.

119.     Upon information and belief, Managers are instructed to limit the number of overtime hours worked by the hourly-paid employees working in the rental location in an effort to contain labor expenses.  As a result, rental locations do not have enough hourly employees completing enough hours of work to finish all necessary tasks, with Managers left to complete the tasks.  In short, the practical demands of the labor budget for Defendants' rental branches force the Managers to perform a wide variety of tasks which are largely non-exempt, including without limitation, taking reservations, washing cars, moving cars, and cleaning the rental branch location.

120.     Plaintiffs and the members of the Classes did not regularly exercise independent judgment and discretion.  Supervisors working above the Managers visit the rental locations multiple times a week to oversee and inspect the operations and work of the Managers.

121.    Evidence reflecting the precise number of overtime hours worked by Plaintiffs and members of the Classes, as well as the applicable compensation rates, is in the possession of Defendants, or may be established by the Plaintiffs' testimony pursuant to applicable law.

122.    Plaintiffs will fairly and adequately protect the interests of the members of the asserted classes, and have retained counsel that is experienced and competent in class action and employment litigation.  Plaintiffs have no interests that are contrary to, or in conflict with, members of the asserted classes.

123.    A class action/collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the asserted classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the asserted classes to individually seek redress for the wrongs done to them.

124.    A class and collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the members of the asserted classes likely will not obtain redress of their injuries, and Defendants will retain the proceeds of its violations of the applicable wage laws.

125.    Furthermore, even if any member of the asserted classes could afford individual litigation against the Company, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the asserted classes and provide for judicial consistency.

126.    There is a well-defined community of interest in the questions of law and fact affecting the asserted classes as a whole.  The questions of law and fact common to each of the

asserted classes predominate over any questions affecting solely individual members of the action.  Among the common questions of law and fact are:

    a.    Whether the Defendants employed the members of the asserted classes within the meaning of the applicable statutes, including the FLSA;

    b.    Whether Managers were uniformly, willfully and wrongfully classified by Defendants as exempt from overtime compensation;

    c.    Whether Plaintiffs and members of the asserted classes were expected to, and/or mandated to, regularly work hours in excess of forty per week;

    d.    Whether Defendants failed to pay Plaintiffs and members of the asserted classes all premium overtime compensation due to them by virtue of their uniform designation as exempt;

    e.    Whether Defendants violated any other statutory provisions regarding compensation due to Plaintiffs and members of the asserted classes; and

    f.    Whether Plaintiffs and the asserted classes have sustained damages and, if so, what is the proper measure of damages.

127.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.
### On behalf of Plaintiffs and the Nationwide FLSA Collective Action Class

128.    Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1 to 127.

129.    Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

130.    At all times relevant, Plaintiffs and the members of the Nationwide FLSA Collective Action Class were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

131.    The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs and the members of the FLSA Nationwide Collective Action Class.

132.    Defendants employed Plaintiffs and the members of the Nationwide FLSA Collective Action Class as an employer and/or a joint employer within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

133.    Defendants failed to pay Plaintiffs and the members of the Nationwide FLSA Collective Action Class the overtime wages to which they are entitled under the FLSA.

134.    Defendants failed to keep accurate records of time worked by Plaintiffs and the members of the Nationwide FLSA Collective Action Class.

135.    Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

136.    Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the members of the Nationwide FLSA Collective Action Class.

137.    Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

138.    As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the Nationwide FLSA Collective Action Class have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to

recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

<u>SECOND CAUSE OF ACTION</u>
**Pennsylvania Minimum Wage Act of 1968, 43 Pa. Stat. §§ 333.101 *et seq.***
**On behalf of the Pennsylvania Plaintiffs and the Pennsylvania Class Members**

139.    The Pennsylvania Plaintiffs reallege and incorporate by reference paragraphs 1 to 127.

140.    Defendants, Enterprise Rent-A-Car Company ("ERAC-Missouri"), Enterprise Rent-A-Car Company of Pittsburgh ("ERAC-Pittsburgh"), and Enterprise Leasing Company of Philadelphia ("ERAC-Philadelphia") (collectively the "Pennsylvania Defendants"), have engaged in a widespread pattern, policy, and practice of violating the Pennsylvania Wage Laws, as detailed in this Complaint.

141.    The foregoing conduct, as alleged, violates Pennsylvania Minimum Wage Act of 1968, 43 Pa. Stat. §§ 333.103 *et seq.* ("Pennsylvania Wage Laws").

142.    At all relevant times, the Pennsylvania Defendants have been, and continue to be, "employer[s]" within the meaning of the Pennsylvania Wage Laws.  At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including the Pennsylvania Plaintiffs, and each of the members of the prospective Pennsylvania Class, within the meaning of the Pennsylvania Wage Laws.

143.    Pennsylvania Wage Laws require an employer, such as the Pennsylvania Defendants, to compensate all non-exempt employees for all hours worked.  The Pennsylvania Plaintiffs and the Pennsylvania Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

144.    At all relevant times, the Pennsylvania Defendants had a policy and practice of failing and refusing to pay overtime pay and other wages to the Pennsylvania Plaintiffs and the Pennsylvania Class members for their hours worked, including hours in excess of 40 hours per week.

145.    As a result of the Pennsylvania Defendants' failure to pay wages earned and due to the Pennsylvania Plaintiffs and the Pennsylvania Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, the Pennsylvania Defendants have violated, and continue to violate, the Pennsylvania Wage Laws, including 43 Pa. Stat. § 333.104(c).

146.    The Pennsylvania Plaintiffs, on behalf of themselves and members of the prospective Pennsylvania Class, seek recovery of unpaid overtime, attorneys' fees, costs, and expenses of this action to be paid by Defendants, as provided by 43 Pa. Stat. § 333.113, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

### THIRD CAUSE OF ACTION
**Ohio Minimum Fair Wage Standards Act, Ohio R.C. §§ 4111.01 *et seq*.**
**On behalf of the Ohio Plaintiff and the Ohio Class Members**

147.    The Ohio Plaintiff realleges and incorporates by reference paragraphs 1 – 127.

148.    Defendant, Enterprise Rent-A-Car Company ("ERAC-Missouri") and Enterprise Rent-A-Car Company of Pittsburgh ("ERAC-Pittsburgh") (collectively the "Ohio Defendants"), have engaged in a widespread pattern, policy, and practice of violating the Ohio Wage Laws, as detailed in this Complaint.

149.    The foregoing conduct, as alleged, violates Ohio Minimum Fair Wage Standards Act, Ohio R.C. §§ 4111.01 *et seq*. (collectively, the "Ohio Wage Laws").

150.    At all relevant times, the Ohio Defendants have been, and continue to be, "employer[s]" within the meaning of the Ohio Wage Laws.  At all relevant times, the Ohio Defendants have employed, and/or continue to employ, "employee[s]," including the Ohio Plaintiff, and each of the members of the prospective Ohio Class, within the meaning of the Ohio Wage Laws.

151.    Ohio Wage Laws require an employer, such as the Ohio Defendants, to compensate all non-exempt employees for all hours worked.  The Ohio Plaintiff and the Ohio Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

152.    At all relevant times, the Ohio Defendants had a policy and practice of failing and refusing to pay overtime pay and other wages to the Ohio Plaintiff and the Ohio Class members for their hours worked, including hours in excess of 40 hours per week.

153.    As a result of the Ohio Defendants' failure to pay wages earned and due to the Ohio Plaintiff and the Ohio Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, the Ohio Defendants have violated, and continue to violate, the Ohio Wage Laws, including R.C. §§ 4111.03.

154.    The Ohio Plaintiff, on behalf of himself and members of the prospective Ohio Class, seeks recovery of their unpaid overtime, attorneys' fees, costs, and expenses of this action to be paid by Defendants, as provided by R.C. § 4111.10, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**New York Labor Law Article 19, §§ 650 *et seq*., and the supporting New York State**
**Department of Labor Regulations, 12 N.Y.C.R.R. Part 142**
**On behalf of the New York Plaintiffs and the New York Class Members**

155.    The New York Plaintiffs reallege and incorporate by reference paragraphs 1 – 127.

156.    Defendants, Enterprise Rent-A-Car Company ("ERAC-Missouri"), Enterprise Leasing Company South Central, Inc., and ELRAC, Inc. (collectively the "New York Defendants"), have engaged in a widespread pattern, policy, and practice of violating the New York Wage Laws, as detailed in this Complaint.

157.    The New York Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

158.    At all relevant times, the New York Defendants have been, and continue to be, "employer[s]" within the meaning of the NYLL.  At all relevant times, Defendants have employed, and/or continues to employ, the New York Plaintiffs, and each of the members of the prospective New York Class, within the meaning of the NYLL.  The New York Plaintiffs and the members of the New York Class are covered by the NYLL.

159.    Defendants failed to pay the New York Plaintiffs and the New York Class Members overtime wages to which they are entitled under NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.  Defendants failed to pay Plaintiffs and the New York Class Members for overtime at a wage rate of one and one-half times their regular rate of pay. Defendants failed to pay Plaintiffs and the New York Class Members overtime at wage rate of one and one-half times the basic minimum hourly rate.

160.     At all relevant times, the New York Defendants had a policy and practice of failing and refusing to pay overtime pay and other wages to the New York Plaintiffs and the New York Class Members for their hours worked, including hours in excess of 40 hours per week.

161.     The New York Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New York Plaintiffs and the New York Class Members.

162.     The New York Defendants' violations of the NYLL, as described in this Complaint, have been willful and intentional.

163.     Due to Defendants' violations of the NYLL, the New York Plaintiffs and the New York Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

164.     The New York Plaintiffs do not at this time seek NYLL liquidated damages individually or on behalf of the New York Class Members but reserve their right to do so depending on the United States Supreme Court's ruling in S*hady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*.

**FIFTH CAUSE OF ACTION**
**Illinois Minimum Wage Law (ILMWL"), 820 ILCS 105/1 *et seq.*; and the Illinois Wage**
**Payment and Collection Act ("IWPCA") 820 ILCS 115/1 *et seq.***
**On behalf of the Illinois Plaintiffs and the Illinois Class Members**

165.     The Illinois Plaintiffs reallege and incorporate by reference paragraphs 1 – 127.

166.     Defendants, Enterprise Rent-A-Car Company ("ERAC-Missouri"), Enterprise Enterprise Rent-A-Car Company-Midwest and Enterprise Leasing Co. of Chicago (collectively the "Illinois Defendants"), have engaged in a widespread pattern, policy, and practice of violating the Illinois Wage Laws, as detailed in this Complaint.

167.    At all relevant times, the Illinois Defendants have been, and continue to be, "employer[s]" within the meaning of the Illinois Wage Laws.  At all relevant times, Defendants have employed, and/or continue to employ, the Illinois Plaintiffs, and each of the members of the prospective Illinois Class, within the meaning of the Illinois Wage Laws.  The Illinois Plaintiffs and the members of the Illinois Class are covered by the Illinois Wage Laws.

168.    Defendants failed to pay the Illinois Plaintiffs and the Illinois Class Members overtime wages to which they are entitled under, 820 ILCS 105/4a, which states that an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty per week, unless the employee falls under one of the enumerated exemptions.

169.    At all relevant times, the Illinois Defendants had a policy and practice of failing and refusing to pay overtime pay and other wages to the Illinois Plaintiffs and the Illinois Class Members for their hours worked, including hours in excess of 40 hours per week.

170.    The Illinois Defendants' violations of the Illinois Wage Laws, as described in this Complaint, have been willful and intentional.

171.    Pursuant to 820 ILCS 105/12a, the Illinois Plaintiffs request an order requiring Defendants to make restitution of all state law overtime wages due to the Illinois Class in an amount to be proved at trial, along with the costs of this litigation and reasonable attorney's fees, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

## JURY TRIAL

Plaintiffs hereby request a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated

persons, pray for the following relief:

A.     A Declaration that Defendants have violated the FLSA and other

applicable employment laws;

B.     An Order designating Nationwide FLSA Collective Class as a collective

action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals

with instructions to permit them to assert timely FLSA claims in this action by filing individual

Consents to Sue pursuant to 29 U.S.C. § 216(b);

C.     An Order designating the Pennsylvania Class, Ohio Class, New York

Class and Illinois Class as a class action pursuant to the Federal Rule of Civil Procedure 23

(Plaintiffs reserve the right to plead individual state law wage claims for individuals who have

joined this action and put Defendants on notice that they may seek to do so);

D.     An Order appointing Plaintiffs and their counsel to represent the Classes;

E.     Imposition of a Constructive Trust on any amount by which Defendants

were unjustly enriched at the expense of the Classes as the result of the actions described above;

F.     An Order enjoining Defendants from any further violations of the FLSA;

G.     A declaratory judgment that the practices complained of herein are

unlawful under appropriate state law;

H.     Appropriate equitable and injunctive relief to remedy Defendants'

violations of state law, including but not necessarily limited to an order enjoining Defendants

from continuing its unlawful practices;

I.     For compensatory and punitive damages and all other statutory remedies

permitted;

J.     Prejudgment interest and Post-Judgment interest, as provided by law;

K.     An award of attorneys' fees and costs; and

L.     All other relief this Court deems just.

Dated:  September 18th, 2009

Respectfully submitted,

**BARROWAY TOPAZ, KESSLER
MELTZER & CHECK, LLP**

**By:** */s / Peter A. Muhic*
        Joseph H. Meltzer (PA 80136)
        Peter A. Muhic (73501)
        Robert J. Gray (PA. 86251)
        Gerald D. Wells, III (PA 88277)
        280 King of Prussia Road
        Radnor, PA 19087
        Telephone:  (610) 667-7706
        Facsimile:   (610) 667-7056

        **- And-**

        **LAW OFFICE OF
        ALFRED G. YATES JR, P.C.**
        Alfred G. Yates, Jr. (PA 17419)
        519 Allegheny Building
        429 Forbes Avenue
        Pittsburgh, PA 15219
        Telephone: (412) 391-5164
        Facsimile: (412) 471-1033

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **September 18th, 2009** the foregoing *Amended Master Complaint* has been filed with the Court via its CM/ECF system and, thereby, served on all counsel of record

**/s/ GREGG I. SHAVITZ**
Gregg I. Shavitz