**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICKOLAS HICKTON, et. al.<br>Plaintiff,<br><br>v.<br><br>ENTERPRISE RENT-A-CAR COMPANY, et. al.<br>Defendants. | **Nos. 2:09-mc-00210**<br>**2:07-cv-01687**<br>**2:09-cv-00815**<br>**2:09-cv-00816**<br>**2:09-cv-00824**<br>**2:09-cv-00832**<br>**2:09-cv-00833**<br>**2:09-cv-01188**<br>**2:09-cv-01321**<br>**2:10-cv-01003**<br>**2:10-cv-01189**<br>**2:10-cv-01456**<br>**2:11-cv-00071**<br>**2:11-cv-00333**<br><br>**Judge Joy Flowers Conti**<br>***Electronically Filed*** |
| **THIS DOCUMENT RELATES TO:**<br>*Hickton, Case No. 2:07-cv-01687*<br>*Depina, Case No. 2:09-cv-00815*<br>*Galia, Case No. 2:09-cv-00816*<br>*Gaudelli, Case No. 2:09-cv-00824*<br>*Averill, Case No. 2:09-cv-00832*<br>*Graham, Case No. 2:09-cv-00833*<br>*Bromfield, Case No. 2:09-cv-01188*<br>*Hagler, Case No. 2:09-cv-01321* | |

**[PROPOSED] ORDER**

**AND NOW**, this _____ day of _____________, 2011, upon consideration of the Plaintiffs' Motion for Entry of An Order Pursuant to 28 U.S.C. § 1292(b) Certifying for Interlocutory Appeal the Court's Order Granting Defendants' Motion for Summary Judgment on Joint Employer Issues, it is hereby ORDERED that the Order granting summary judgment on

joint employer issues for Enterprise Holdings, Inc. ("ERAC-Missouri") is certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

This multi-district litigation currently involves thirteen separate actions ("MDL Actions") filed against Enterprise Holdings, Inc. f/k/a ERAC-Missouri ("ERAC-Missouri") and certain operating subsidiaries. On August 13, 2010, this Court granted ERAC-Missouri's Motion for Summary Judgment and entered judgment in favor of ERAC-Missouri against Plaintiffs. *See* August 13, 2010 Memorandum Opinion and Order (Docket Nos. 202 and 203 (Case No. 2:09-mc-00210)). For the reasons stated below, the Court certifies for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) its Order granting summary judgment.

Certification for an interlocutory appeal from an order is proper where: (1) the order to be appealed involves a controlling question of law; (2) there is substantial ground for difference of opinion on that question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003) (*citing* 28 U.S.C. § 1292(b)).

**ERAC-Missouri's Status as a Joint Employer is a Controlling Question of Law**

A controlling question of law includes every order which, if erroneous, would be reversible error on final appeal, as well as other questions which are sufficiently serious to the conduct of the litigation. *See Amerisourcebergen Drug Corp. v. Meier*, No. 03-CV-6769, 2005 WL 2645000, at *3 (E.D. Pa. Oct. 14, 2005) (*quoting Katz v. Carte Blanche Corp*, 496 F.2d 747, 755 (3d Cir. 1974)).

Plaintiffs asserted nationwide collective actions under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. against ERAC-Missouri as the employer of all of the Assistant Branch Managers in the Enterprise-Rent-A-Car® ("Enterprise") rental branch

locations. On August 13, 2010, along with granting summary judgment to ERAC-Missouri on the joint employer issue, this Court granted Plaintiffs' Motion for Conditional Certification and certified a collective class of Assistant Branch Managers employed by the nine operating subsidiaries who are parties to the MDL Actions. *See* Docket No. 201 (Case No. 2:09-mc-00210) ("Conditional Certification Order"). If ERAC-Missouri is determined to be an employer of the Enterprise Assistant Branch Managers, the putative class of Assistant Branch Managers in this MDL action will substantially increase.

The statute of limitations for an employee's claim under the FLSA is only two years (unless there is a finding of a willful violation by the employer which then extends the claim to three years) and continues to run until the employee affirmatively opts into a federal case. *See DeAsencio v. Tyson Foods, Inc.*, No. 00-CV-4294, 2002 U.S. Dist. LEXIS 14413, at * 7 (E.D. Pa. Aug. 6, 2002) ("[I]n an FLSA collective action, an employee's action commences, for purposes of the statute of limitations, when he or she files a written consent to join the action. 29 U.S.C. § 256(b)."). Assistant Branch Managers who are not included in the collective class due to the Court's summary judgment order on the joint employer issue will not receive FLSA Notice. As such, the statute of limitations as to those Assistant Branch Managers will continue to run unless and until they receive FLSA Notice and affirmatively opt into the action.

The issue of the status of ERAC-Missouri as an employer of the Assistant Branch Managers further impacts this MDL action in light of the five additional cases that have been filed since August 13, 2010 against ERAC-Missouri and additional operating subsidiaries. Those actions have since been transferred to this Court. Therefore, the Court's Order involves a controlling question of law as to the actions at issue in the order, as well as the additional cases which have been transferred to the MDL proceeding.

**There is a Substantial Ground for Difference of Opinion**

As reflected in the parties' substantial briefing (Docket Nos. 124, 125, 154, 161, 168, 170, 177, 179 (Case No. 2:09-mc-00210)) that led to the August 13, 2010 Opinion, there is a substantial ground for difference of opinion on ERAC-Missouri's status as a joint employer, which standard could be settled through appeal. *See* August 13, 2010 Memorandum Opinion (Docket No. 202 (Case No. 2:09-mc-00210)). This Court recognizes that its Order presents an analysis of first impression of the joint-employer doctrine under the FLSA in this circuit. *See* Docket No. 202, at 101 ("The Court of Appeals for the Third Circuit has not yet addressed the factors the court should consider in analyzing whether a joint employment relationship exists between a parent corporation and the employees of a subsidiary for purposes of FLSA claims."). Thus, a substantial ground for difference of opinion exists in the Third Circuit.

**Interlocutory Appeal of the Court's Order Granting Summary Judgment will Materially Advance the Ultimate Termination of the Litigation**

The opportunity for the Third Circuit Court of Appeals to review the Court's summary judgment decision will "materially advance the ultimate termination of the litigation." *See Katz*, 496 F.2d at 754. As stated above, on August 13, 2010, this Court granted Plaintiffs' Motion for Conditional Certification and certified a collective class of Assistant Branch Managers employed by nine operating subsidiaries named in the MDL actions. Since the Court's August 13, 2010 summary judgment decision, five new actions against five different operating subsidiaries have been consolidated in this MDL proceeding and all five actions name ERAC-Missouri as an employer. Any additional actions filed against ERAC-Missouri and other operating subsidiaries will be transferred to this Court. The plaintiffs in the five additional actions have not yet moved for certification pursuant to § 216(b) of the FLSA, but have indicated to the Court that they intend to do so.

If the Third Circuit finds that a genuine issue of material fact exists as to whether ERAC-Missouri is a joint employer of the Assistant Branch Managers and reverses this Court's summary judgment order, then the resources of the court and the parties will be conserved as there will not be a need to consider these same issues with regard to the additional actions transferred into this MDL.

**Conclusion**

For the reasons stated above, all requirements of 29 U.S.C. 1292(b) have been satisfied and the Court's August 13, 2010 Memorandum Opinion and Order (Docket Nos. 202 and 203) are certified for interlocutory appeal. Further, the actions comprising of and transferred to the multi-district litigation styled *In Re Enterprise Rent-A-Car Wage and Hour Employment Practices Litigation*, MDL No. 2056 shall not be stayed pending resolution of the interlocutory appeal.

DATED:______________________ ______________________________
Hon. Joy Flowers Conti