UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICKOLAS HICKTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ENTERPRISE RENT-A-CAR COMPANY, et. al.,<br><br>Defendants.<br><br>THIS DOCUMENT RELATES TO:<br>*ALL ACTIONS* | Nos. 2:09-mc-00210<br>     2:07-cv-01687<br>     2:09-cv-00815<br>     2:09-cv-00816<br>     2:09-cv-00824<br>     2:09-cv-00832<br>     2:09-cv-00833<br>     2:09-cv-01188<br>     2:09-cv-01321<br>     2:10-cv-01003<br>     2:10-cv-01189<br>     2:10-cv-01456<br>     2:11-cv-00071<br>     2:11-cv-00333<br>     2:11-cv-01024<br>     2:12-cv-00659<br><br>Judge Joy Flowers Conti<br><br>*Electronically Filed* |

**ORDER GRANTING FINAL APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT**

On the 28th day of August, 2013, the Court heard the Motion for Final Approval of Class and Collective Action Settlement (ECF No. 904) by Plaintiffs Nickolas Hickton, Sean Herbster, Miquel McDonald, Michael Keith Averill, Jr., Jasmine Bromfield, Nils Hagstrom, Elsa Depina, Jeffrey Galia, Robert Bajkowski, Tori Gaudelli, Donnashekia Richard, Wayman F. Graham, II, Michael Douty, Michelle Mitchell Steen, Spencer Hardy, Kevin C. Hagler, Shawn Modiri, Robert Schieser, Brandy Peery, Steven Lamothe, and Bobby Kelley (collectively, "Named Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendants Enterprise Rent-A-Car Company of Pittsburgh LLC; ELRAC, LLC; Enterprise Leasing Company – South

Central, LLC; Enterprise Leasing Company of Florida, LLC; Enterprise Leasing Company of Chicago, LLC; Enterprise Leasing Company of Georgia, LLC; Enterprise Rent-A-Car Company – Midwest, LLC; Enterprise Leasing Company of Orlando, LLC; Enterprise Leasing Company of Philadelphia, LLC; Enterprise Leasing Company – Southeast, LLC; EAN Holdings, LLC; Enterprise RAC Company of Maryland, LLC; Enterprise Leasing Company – West, LLC; Enterprise Leasing Company of Phoenix, LLC; Enterprise Leasing Co. of Norfolk/Richmond, LLC; and Enterprise Leasing Company of Tennessee, LLC, as well as Enterprise Leasing Company of St. Louis, LLC, Enterprise Leasing Company of Kansas, LLC, Enterprise Leasing Company of Indianapolis, LLC, Enterprise Rent-A-Car Company of Boston, LLC, Enterprise Leasing Company of Denver, LLC, Enterprise Rent-A-Car Company of Baltimore, LLC, Enterprise Leasing Company of Minnesota, LLC, Enterprise Leasing Company of Detroit, LLC, SNORAC, LLC, Enterprise Rent-A-Car Company of Cincinnati, LLC, CLERAC, LLC, Enterprise Rent-A-Car Company of Wisconsin, LLC, Enterprise Rent-A-Car Company of Utah, LLC, CAMRAC, LLC, Enterprise Rent-A-Car Company of Rhode Island, LLC, PENRAC, LLC, Enterprise Rent-A-Car Company of Kentucky, LLC, Enterprise Rent-A-Car Company of Montana/Wyoming, LLC, and Puerto Rico Group Admin P199 ("Defendants") (together with Named Plaintiffs, the "Parties"). The Court has considered the Stipulation and Settlement Agreement ("Agreement") filed with the Court on April 12, 2013 (ECF No. 897-2), all exhibits attached thereto, and the submissions and arguments of counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order and Judgment") will have the same meaning as defined in the Agreement.

2. The Court has jurisdiction over the subject matter of this Litigation.

2

3. The Court finds that the terms of the Settlement memorialized in the Agreement, and filed with the Court, were negotiated at arm's-length and are finally approved as fair, reasonable and adequate in light of the factual, legal, practical and procedural considerations raised by this Litigation and orders that the Agreement shall be consummated and implemented in accordance with its terms and conditions.

4. The Court finds that the Settlement satisfies the applicable standards for certification under Rule 23 of the Federal Rules of Civil Procedure and certifies, for settlement purposes only, the following State Settlement Classes:

> All current and former employees of Enterprise Rent-A-Car Company of Pittsburgh, LLC; Enterprise Leasing Company of Philadelphia; ELRAC, LLC; Enterprise Leasing Company of Chicago, LLC; Enterprise Rent-A-Car Company-Midwest, LLC; EAN Holdings LLC; Enterprise RAC Company of Maryland, LLC; and Enterprise Leasing Company-West, LLC who have worked as an Assistant Branch Manager for at least one work week at any time within the applicable Statute of Limitations period(s) in one or more of the following states: Illinois, Maryland, Nevada, New York, Oregon, and Pennsylvania. Each state's employees who worked for one of the aforementioned Defendants shall constitute a separate State Settlement Class (e.g., a Pennsylvania class who worked for Enterprise Rent-A-Car Company of Pittsburgh LLC, etc.).

5. The Statute of Limitations period for the State Settlement Classes is:

**State Settlement Classes**

| Enterprise Group | Statute of Limitations Period |
| --- | --- |
| Enterprise Rent-A-Car Company of Pittsburgh, LLC | 12/11/2004-3/31/2013 |
| Enterprise Leasing Company of Philadelphia | 12/11/2004-3/31/2013 |
| ELRAC, LLC | 9/25/2003-3/31/2013 |
| Enterprise Leasing Company of Chicago, LLC | 9/25/2006-3/31/2013 |
| Enterprise Rent-A-Car Company-Midwest, LLC | 9/25/2006-3/31/2013 |
| EAN Holdings LLC | 8/12/2008-3/31/2013 |

| Enterprise RAC Company of Maryland, LLC | 9/24/2007-3/31/2013 |
|---|---|
| Enterprise Leasing Company-West, LLC | 12/23/2008-3/31/2013 |

6. The Court finds that the Settlement satisfies the applicable standards for certification under 29 U.S.C. § 216(b) and certifies, for settlement purposes only, a collective action consisting of:

> All Assistant Branch Managers who worked for the Defendants and/or one or more of the Settlement Groups that elects to participate in the Settlement, anywhere in the United States, except California, for at least one work week, within the time periods and in the locations described below.

| Enterprise Group | Statute of Limitations Period |
|---|---|
| Enterprise Rent-A-Car Company of Pittsburgh, LLC | 4/9/2007-3/31/2013 |
| ELRAC, LLC | 8/4/2008-3/31/2013 |
| Enterprise Leasing Company-South Central, LLC | 8/4/2008-3/31/2013 |
| Enterprise Leasing Company of Florida, LLC | 8/4/2008-3/31/2013 |
| Enterprise Leasing Company of Chicago, LLC | 8/4/2008-3/31/2013 |
| Enterprise Leasing Company of Georgia, LLC | 8/4/2008-3/31/2013 |
| Enterprise Rent-A-Car Company-Midwest, LLC | 8/4/2008-3/31/2013 |
| Enterprise Leasing Company of Orlando, LLC | 8/4/2008-3/31/2013 |
| Enterprise Leasing Company of Philadelphia, LLC | 8/4/2008-3/31/2013 |
| Enterprise Leasing Company-Southeast, LLC | 6/23/2007-3/31/2013 |
| EAN Holdings LLC | 8/12/2007-3/31/2013 |
| Enterprise RAC Company of Maryland, LLC | 9/24/2007-3/31/2013 |
| Enterprise Leasing Company-West, LLC | 12/23/2007-3/31/2013 |
| Enterprise Leasing Company of Phoenix, LLC | 1/18/2008-3/31/2013 |
| Enterprise Leasing Co. of Norfolk/Richmond, LLC | 6/3/2008-3/31/2013 |
| Enterprise Leasing Company of Tennessee | 4/16/2009-3/31/2013 |
| All Other Enterprise Groups | 3/1/2010-3/31/2013 |

7. The Court appoints, for settlement purposes only, Plaintiffs Nickolas Hickton, Sean Herbster, Miquel McDonald, Michael Keith Averill, Jr., Jasmine Bromfield, Nils Hagstrom, Elsa Depina, Jeffrey Galia, Robert Bajkowski, Tori Gaudelli, Donnashekia Richard, Wayman F. Graham, II, Michael Douty, Michelle Mitchell Steen, Spencer Hardy, Kevin C. Hagler, Shawn Modiri, Robert Schieser, Brandy Peery, Steven Lamothe, and Bobby Kelley as Class Representatives.

8. The Court appoints, for settlement purposes only, the law firms of Kessler Topaz Meltzer & Check, LLP, Shavitz Law Group, PA and Schreiber & Petro, P.C., as Class Counsel.

9. The Notices provided as set forth in the Agreement were the best practicable means of providing notice under the circumstances and constituted due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement and complied with the notice requirements of FED. R. CIV. P. 23 and due process under the Constitution of the United States. The Notices contained sufficient information to enable class members to make informed decisions on whether they should take steps to protect their rights, including objecting to the settlement or opting out of the class.

10. No objections to the Settlement were received by the Court.

11. After due consideration of Plaintiffs' likelihood of success at trial, the range of Plaintiffs' possible recovery, the complexity, expense and duration of the Litigation, and the state of proceedings at which the Settlement was achieved, the Court finds the Settlement to be fair, reasonable and adequate. In particular, in light of the significant possibility that Defendants could prevail before a jury on the merits or in summary judgment with respect to Plaintiffs who have not yet had motions for summary judgment filed by Defendants based on one or more of

the claimed defenses, it is clear that the Settlement falls well-within the range of settlement terms that would be considered fair, reasonable and adequate.

12. The Claims Administrator shall cause the Settlement Amount to be disbursed in accordance with the Agreement. Specifically, as soon as administratively feasible following the Effective Date, the Claims Administrator shall mail to each Participating Claimant at his or her Last Known Address, or Updated Address if obtained, his or her Settlement Payment in accordance with the Agreement.

13. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees, reimbursement of litigation costs and expenses, payment of Administrative Costs, and payment of Enhancement Payments to the Named Plaintiffs, the Sample Plaintiffs and the Opt-In Plaintiffs pursuant to the Agreement.

14. Upon the Effective Date and after Defendants have paid the entire Settlement Amount, the Named Plaintiffs, Sample Plaintiffs, Opt-In Plaintiffs and each Participating Claimant, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released Claims as defined in the Agreement.

15. In the event that the Effective Date does not occur, the Settlement and the Agreement shall be deemed null and void and shall have no effect whatsoever. In such case, nothing in the Agreement or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class action certification is or may be appropriate in this action or any other matter.

16. This Final Approval Order and Judgment shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach or liability of any of the Parties.

17. This action is dismissed with prejudice. The Court hereby retains jurisdiction of all matters relating to the interpretation, implementation, effectuation and enforcement of the Agreement. The Court further retains jurisdiction to enforce this Order.

The Clerk of Court is directed to mark this miscellaneous case, lead case 07-cv-1687, and all related civil cases listed in the caption as CLOSED,

**IT IS SO ORDERED**.

DATE: August 28, 2013                    BY THE COURT:

_____
Chief Judge Joy Flowers Conti